IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MANIER, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-00329-NJR |
| ) | |
| v. ) | |
| ) | |
| MARIO DALPRA and PAGE E.T.C., ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS MARIO DALPRA'S AND PAGE E.T.C, INC.'S MOTION TO COMPEL MEDICAL AUTHORIZATIONS, MOTION TO EXTEND DEFENDANTS EXPERT DISCLOSURE DEADLINE, AND REQUEST FOR A STATUS CONFERENCE WITH THE COURT**

COME NOW Defendants, Mario Dalpra and Page E.T.C., Inc., by and through his undersigned counsel, and hereby move this honorable Court for an order compelling Plaintiff to produce authorizations for medical records and radiology imaging, to extend the deadline for Defendants' disclosure of expert reports, and request a status conference with the Court to discuss the same. A memorandum in support of Defendants' motion is attached hereto and fully incorporated herein.

Respectfully submitted,

/s/ *Ted L. Perryman*
Ted L. Perryman #02179504
Korissa M. Zickrick #06285055
Brandy Johnson #6337258
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
bjohnson@robertsperryman.com
*Attorneys for Defendants*

/s/ *Brant Poling*
Brant Poling
300 E. Broad St. 3rd Floor
Columbus, Ohio 43215
(614) 737-2900
bpoling@poling-law.com

1

**MEMORANDUM IN SUPPORT**

Counsel for Defendants have repeatedly asked for COMPLETE medical records of Plaintiff since the onset of this case. Counsel has been specific and patient with their requests. As a result of Plaintiff's failure to produce complete records and his interference and manipulation of Defendants requested medical authorizations, Defendants have been prohibited from obtaining the complete medical records necessary to defend this matter. Defendants have requested the specific records they are seeking, they have provided descriptions of what is missing, and have produced authorizations to Plaintiff to allow Defendants to obtain the records themselves. To date, Defendants are still missing necessary and relevant medical records. Defendants have exhausted all efforts to resolve this issue with Plaintiff and the parties are at an impasse. For the reasons detailed below, this Court must compel Plaintiff to produce the submitted authorizations and allow Defendants to obtain complete records from Plaintiff's providers.

I. **COMPLETE MEDICAL RECORDS AND RADIOLOGY IMAGING ARE NECESSARY TO PROPERLY DEFEND PLAINTIFF'S CLAIM**

As the Court is aware, Plaintiff's claims are based on injuries Plaintiff allegedly sustained as the result of a motor vehicle accident that occurred on April 4, 2018. (Doc. 113). At the time of the crash, Plaintiff was a 57-year-old obese male with a long list of comorbidities including, but not limited to, type 2 diabetes, hypertension, obstructive sleep apnea, arthropathy, hyperlipidemia, carotid artery disease, chronic bilateral low back pain, severe bilateral hip arthritis, and a history of extensive nicotine dependence.

Plaintiffs recently filed Fourth Amended Complaint, alleges Plaintiff sustained permanent injuries to his neck, cervical spine, esophagus, shoulder, right knee, and back. (Doc 113 at 2-3). Plaintiff has put his current and past medical history in question in this matter by citing these

injuries. In order to fully evaluate and adequately prepare a defense in this case, it is imperative for Defendants to review *all* of Plaintiff's medical records.

As this case has progressed, Plaintiff has produced a significant amount of medical records in response to Defendants requests. However, Defendants have repeatedly followed up with Plaintiff's counsel regarding deficiencies in the productions. Correspondence regarding the insufficiencies and Defendants requests for complete records dates back as far as December of 2020. (Exhibit A).

There is no denying Plaintiff had preexisting medical conditions that may be relevant to the injuries Plaintiff allegedly sustained during the April 4, 2018 crash. In order to fully understand the impact the crash had on Plaintiff, Defendants deserve the opportunity to do a complete comparative analysis of Plaintiff's condition before the crash, immediately following the crash, and his current condition. For Defendants experts to have sufficient facts and data to evaluate and opine on the nature and extent of Plaintiff's injures as required by Rule 702, complete and accurate records are essential.

Defendants have spent a significant amount of time waiting on Plaintiff to comply with their continued requests for these records. In an effort to remain on the Court's current case schedule, Defendants submitted authorizations to request medical records, radiology imaging, and billing from Plaintiff's various treatment providers themselves. (Exhibit B). Defendants need to ensure they have received the complete chart from Plaintiff's various treatment providers and need to provide a complete medical history to their experts.

Plaintiff has refused to execute the authorizations submitted by Defendants. Instead, Plaintiff replied with his own authorization that imposed significant limitations on Defendants'

request. (Exhibit C).  Plaintiff's response is unduly prejudicial to Defendants in this case for multiple reasons.

First, Plaintiff limits the date of the authorizations from April 4, 2018 to present.  This is prejudicial because it completely prohibits Defendants from discovering the nature and extent of any of Plaintiff's pre-existing conditions.  Defendants have a right to explore whether the injuries plaintiff allege resulted from the crash were present prior to April 4, 2018.  The only way to understand Plaintiff's baseline medical condition at the time of the crash is to review Plaintiff's medical records from the years leading up to the crash.  These records are relevant and discoverable.

Second, Plaintiff limits the authorization to records "pertaining to: neck, shoulder, back, and right knee."  As mentioned earlier, Plaintiff's Complaint includes injuries to his cervical spine and esophagus.  These are not included in Plaintiff's arbitrary limitations.  Further, Plaintiff's medical care and treatment cannot be compartmentalized as simply as Plaintiff suggests.  Plaintiff's limitations place the burden of determining what records are responsive to the authorizations on the various medical records custodians.  This is improper and prejudicial.  There is no way to know what criteria the records custodians will use to determine whether the records are related to a certain body part.  Based on Plaintiff's allegations and the records received so far, Plaintiff's injuries effect multiple body systems and cannot be limited as Plaintiff suggests.

Plaintiff alleges he experienced hardware migration and an esophageal perforation as a result of his cervical fusion surgery.  There is also evidence of an abscess and infection.  Records related to the abscess and infection would arguably NOT be related to the patient's "neck, shoulder, back, and right knee."  All records regarding *any treatment* Plaintiff received are relevant and discoverable.

Counsel for Defendants attempted to resolve this issue with Plaintiff's counsel, but he refused to remove the limitations on the authorizations (Exhibit D). Records that have been cherry picked by Plaintiff's counsel or a provider's records custodian are not sufficient. In order for Defendants' medical experts to produce complete and accurate reports, they need to have complete and accurate records. For these reasons, Defendants respectfully request the Court issue an order to compel Plaintiff to execute the authorizations submitted by Defendants and an extension of Defendants' expert report deadline until all medical records can be received and reviewed by Defendants' experts. Defendants also request an emergency status conference with the Court to discuss these issues.

Respectfully submitted,

/S/ Bant Poling
Brant Poling
Poling Law
300 East Broad Street
Columbus OH 43215
bpoling@poling-law.com
jglinka@poling-law.com

AND

/s/ Ted L. Perryman
Ted L. Perryman #02179504
Korissa M. Zickrick #06285055
Brandy Johnson #6337258
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
bjohnson@robertsperryman.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of February 2022, copies of the foregoing were served on the following counsel of record via the Court's ECF filing system:

Raymond Lawler
LAWLER & LAWLER
1129 North Carbon Street
Marion, IL 62959
(618) 997-5555
lawlerf@gmail.com
*Attorneys for Plaintiff*

J. Kent Emison
Mark Emison
LANGDON & EMISON, LLC
911 Main Street
P.O. Box 220
Lexington, MO 64067
(660) 259-6175
(660) 259-4571 – Fax
kent@lelaw.com
mark@lelaw.com
*Attorneys for Plaintiff*

Lanny Darr
307 Henry Street, Ste. 406
Alton, IL 62002
(618) 208-6828
(618) 433-8519 Fax
darr@darrfirm.com
*Attorney for Plaintiff*

/s/ Brant Poling _____