IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MANIER,<br><br>    Plaintiff,<br><br>v.<br><br>MARIO DALPRA and<br>PAGE ETC., INC.,<br><br>    Defendants,<br><br>v.<br><br>US FOODS,<br><br>    Intervenor Defendant. | Case No. 3:20-CV-00329-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is Defendant Page Etc., Inc.'s ("Page Etc.") Motion for Leave to File a Third-Party Complaint (Doc. 141). Plaintiff Manier responded in opposition to the motion (Doc. 142), and Page Etc. filed a reply (Doc. 143). In a status conference held on November 9, 2022, the parties also jointly moved for an extension of the scheduling order deadlines. For the reasons set forth below, both motions are granted.

BACKGROUND

    Discovery in this case has been complicated and delayed due to scheduling issues, substantial health complications, and the volume and complexity of documents produced. Through discovery, Page Etc. discovered potential liability on behalf of Manier's surgeon, Dr. Swastik Sinha, and Dr. Sinha's employers, Mitas, LLC, Southern

Illinois Orthopedic Center, LLC, and Southern Orthopedic Associates, LLC ("third-party defendants"). Now, Page Etc. moves for leave to file a third-party complaint against these third-party defendants for contribution due to Dr. Sinha's alleged negligent medical care after the vehicle crash that underlies this action. Currently, discovery is due on November 22, 2022, and dispositive motions are due on December 22, 2022. The parties agree, however, that this schedule cannot be maintained—even without the filing of a third-party complaint.

LEGAL STANDARD

Federal Rule of Civil Procedure 14 permits a defending party to implead a third-party "who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer. *Id.* Generally, this impleader rule promotes judicial efficiency by eliminating the necessity for a defendant to bring a separate action against a third-party who may be secondarily liable to the defendant for all or part of the original claim. *Central States, Southeast and Southwest Areas Pension Fund v. Gopher News Co.*, 542 F. Supp. 2d 823, 826 (N.D. Ill. 2008).

The decision to allow leave to file a third-party complaint under Rule 14(a) falls within the sound discretion of the district court. *See Crude Crew v. McGinnis & Associates, Inc.*, 572 F. Supp. 103, 109 (E.D. Wis. 1983). The Seventh Circuit recognizes that, "[a]s long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Marseilles Hydro Power,*

*LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002). Courts may consider timeliness of the motion, as well as the reasons for delay, as factors in deciding whether to grant leave to file a third-party complaint. *Highlands Ins. Co. v. Lewis Rail Service Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993).

## Discussion

Page Etc. argues that it should be permitted to join the identified third-party defendants because they may be liable for all or part of the claims that Manier has brought against it. Additionally, Page Etc. emphasizes that the third-party complaint does not present jurisdictional or venue concerns. Page Etc. asserts that the timing of the motion is proper as Manier's ongoing medical complications have created most of the scheduling delays thus far and that the previously limited medical authorizations constrained its ability to obtain and review Manier's medical records to determine the need for such a third-party complaint.

In his response, Manier argues that medical negligence, if any, is irrelevant to the underlying cause of action because under Illinois law an injured person can recover from the original tortfeasor for both the initial injury and any aggravation due to a physician's subsequent treatment. Along with Illinois case law, Manier highlights the Illinois Pattern Jury Instructions and the associated comments to support this point. Manier contends impleader of the third-party medical defendants would inject unnecessary confusion as a jury may perceive the third-party defendants as the "ultimate wrongdoers" and absolve the defendants on those grounds. Further, Manier asserts that Page Etc.'s motion is brought with an unreasonable delay as Dr. Sinha's deposition was taken several months

ago and potential liability would have been apparent at that time.

Considering the relevant factors, Page Etc.'s motion for leave to file a third-party complaint will be granted. First, the identified third-party defendants may be liable to Page Etc. for part of the claim against it as required by Rule 14. Next, there are no jurisdiction or venue issues raised by the parties. Moreover, the Court is not convinced that the issues related to medical negligence or malpractice will unduly complicate the trial as medical issues and experts already occupy a substantial part of the evidence involved in this litigation. A jury can also be properly instructed regarding liability. Further, while the motion was not filed as soon as possible based on the progression of discovery and depositions regarding medical treatment, Page Etc. is not requesting to implead these third parties after the conclusion of discovery or on the eve of trial. Especially given the joint motion to amend the scheduling order, including expert disclosures, depositions, discovery, dispositive motions, and the trial setting, most deadlines require extension regardless of whether a third-party complaint is filed. Here, allowing impleader of the third-party defendants should not significantly lengthen the delay in the progression of this case beyond what is already necessary. The Court also finds that judicial economy will be furthered in granting leave to file a third-party complaint and that Manier will not suffer unfair prejudice or delay considering the timing and subject matter of the third-party claims.

Lastly, the Court grants the joint motion to extend scheduling order deadlines. The parties shall submit a revised Joint Report and Proposed Scheduling and Discovery Order on or before November 28, 2022, via e-mail to NJRpd@ilsd.uscourts.gov. The proposal

should anticipate a presumptive jury trial month of November 2023 and include new discovery deadlines, dispositive motion deadlines, and mediation deadlines.

CONCLUSION

For the reasons set forth above, Defendant Page Etc., Inc.'s Motion for Leave to File a Third-Party Complaint (Doc. 141) is **GRANTED**. The joint oral motion to extend all scheduling order deadlines is also **GRANTED**. The Court **ORDERS** the parties to submit an updated proposed scheduling order on or before **November 28, 2022.**

**IT IS SO ORDERED.**

DATED:  November 21, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**