IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MANIER, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-00329-NJR |
| MARIO DALPRA and PAGE ETC., Inc., | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| MITAS, L.L.C., SOUTHERN ORTHOPEDIC ASSOCIATES, L.L.C., DR. SWASTIK SINHA, SOUTHERN ORTHOPEDIC ASSOCIATES ORTHOPEDIC INSTITUTE, SOUTHERN ORTHOPEDIC ASSOCIATES ORTHOPEDIC CENTER OF SOUTHERN ILLINOIS, SOUTHERN ILLINOIS ORTHOPEDIC CENTER, LLC, and SOUTHERN ILLINOIS HOSPITAL SERVICES, INC., | |
| Third-Party Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Mario Dalpra hauled cargo for Defendant Page Etc., Inc. ("Page") in 2018. (Doc. 113). While working one evening in April, Dalpra collided with Plaintiff James Manier's tractor trailer. (*Id.*). That fateful crash fundamentally changed Manier's life as he sustained severe neck, shoulder, knee, and back injuries, along with economic damages and ongoing medical complications. (*Id.*). His neck injuries included damage to his cervical spine which required a multi-level cervical fusion and an esophageal perforation secondary to the cervical

fusion hardware. (*Id.*). Dr. Swastik Sinha performed a surgical procedure on Manier's cervical spine. (Doc. 177). Dalpra and Page deposed Dr. Sinha in November 2021 and later consulted a physician, who delivered a report in January 2022 stating that Dr. Sinha's treatment deviated from the accepted standard of medical care. (Docs. 177, 191).

Initially, Manier sued Dalpra in state court, and Dalpra removed this action in April 2020. (Doc. 1). In an amendment to his Complaint, Manier added Page to the case. (Doc. 47). Page answered on November 16, 2020. (Doc. 66). Just over two years later, in November 2022, Page became a Third-Party Plaintiff after filing a complaint against Third-Party Defendants Southern Orthopedic Associates, L.L.C. ("SOA"), Mitas L.L.C. ("Mitas"), and Dr. Sinha. (Doc. 147). Page amended its Third-Party Complaint ("TPC") adding Dalpra as a Third-Party Plaintiff and several other Third-Party Defendants. (Doc. 177). The amended TPC contains four causes of action under Illinois law for contribution, equitable apportionment, vicarious liability, and apparent agency.[1] (*Id.*).

Now, SOA moves to dismiss the amended TPC pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that the claims are time-barred under the two-year statute of limitations for contribution and medical malpractice claims in Illinois. (Docs. 180, 181). Mitas and Dr. Sinha also move to dismiss the amended TPC arguing the same. Their motion also states that the equitable apportionment cause of action must be dismissed as the Contribution

---

[1] It is the responsibility of the Court to make an independent evaluation of whether subject matter jurisdiction exists in every case. *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007). This case was removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Docs. 1, 6). Plaintiff Manier is a citizen of Illinois, Defendant Dalpra is a citizen of Ohio, and Defendant Page is incorporated and has its principal place of business in New York. (Docs. 16, 113). The amount in controversy is plausibly stated as exceeding $75,000, exclusive of costs and interests, with Manier claiming serious injuries, medical expenses, loss of enjoyment of life, future medical expenses, and future pain from the underlying accident. As the original case is properly within the Court's diversity jurisdiction, the Court has supplemental jurisdiction over the claims within the Third-Party Complaint, because they form part of the same case or controversy. *See REP MCR Realty, L.L.C. v. Lynch*, 200 F. App'x 592, 593 (7th Cir. 2006); 28 U.S.C. § 1367(a).

Act replaced that common-law doctrine. (Docs. 182, 183). Dalpra and Page filed a timely response in opposition to both motions. (Doc. 191).

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

Ordinarily, a statute-of-limitations defense is not considered as part of a motion to dismiss under Rule 12(b)(6), as it is an affirmative defense, and plaintiffs are not required to anticipate or plead around defenses in their complaints. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). When the facts pleaded in the complaint set forth everything necessary to satisfy the affirmative defense and reveal that relief is barred by the applicable statute of limitations, however, the complaint can be properly dismissed for failure to state a claim. *Logan,* 644 F.3d at 582; *Sidney Hillman Health Center of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). If "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense" exists, then "questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman*, 782 F.3d at 928.

DISCUSSION

The parties agree that Illinois law regarding the statute of limitations applies to this case. Third-Party Defendants SOA, Mitas, and Dr. Sinha reference 735 ILCS 5/13-204 to argue that the Illinois statute of limitations with respect to contribution actions provides defendants two years from service of the underlying complaint to file any third-party claims. Further, they cite 735 ILCS 5/13-212 to argue that medical negligence claims are also subject to a two-year statute of limitations from the date on which the claimant knew or should have known of the existence of the injury for which damages are sought. Manier filed suit against Page on October 14, 2020, and Page responded on November 16, 2020. Because the docket sheet does not include a service-returned date, SOA, Mitas, and Dr. Sinha contend that the two-year statute of limitations clock for both the contribution and medical malpractice claims started ticking, at the very latest, when Page responded to the underlying complaint on November 16, 2020. Page filed its original TPC on November 21, 2022, and, according to SOA, Mitas, and Dr. Sinha, Page missed the applicable deadline. As such, they urge the Court to dismiss the amended TPC as time-barred. Mitas and Dr. Sinha also assert that the second cause of action must be dismissed because, in Illinois, an injured tortfeasor cannot bring an action to be indemnified for the damage attributable to a later tortfeasor under the common-law equitable apportionment doctrine as the Contribution Act replaced that doctrine.

On the other hand, Dalpra and Page argue that the statute of limitations in the Illinois Contribution Act does not apply to contribution claims arising from medical malpractice, citing 735 ILCS 5/13-204(e). Instead, they assert that the applicable statute of limitations for medical malpractice actions under 735 ILCS 5/13-212(a) controls the amended TPC. Under that applicable statute, Dalpra and Page reason that their claims began accruing in January

2022, when they knew or reasonably could have known that some of Manier's injuries resulted from or were aggravated by Dr. Sinha's negligence. They also emphasize that Manier's esophageal perforation was not even diagnosed until January 2021. Dalpra and Page contend that, at a minimum, factual issues regarding timeliness necessitate denial of the motions to dismiss.

Section 5/13-204 provides the statute of limitations for contribution or indemnity actions under Illinois law. 735 ILCS 5/13-204(c). When an underlying action has been filed by a claimant,

> no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

735 ILCS 5/13-204(b). But this statute of limitations "shall not apply to any action for damages in which contribution or indemnification is sought from a party who is alleged to have been negligent and whose negligence has been alleged to have resulted in injuries or death by reason of medical or other healing art malpractice." 735 ILCS 5/13-204(e). The Illinois Supreme Court has determined that the legislature chose to exempt actions for contribution or indemnification for negligence stemming from medical malpractice from Section 5/13-204(b), and such claims, for limitations and repose purposes, are subject to Section 5/13-212(a). *Uldrych v. VHS of Illinois, Inc.*, 942 N.E.2d 1274, 1279-83 (Ill. 2011).

Under the discovery rule in Section 5/13-212(a), the limitations period commences when a person knows or reasonably should know of the injury and that the injury was wrongfully caused. *Hill v. Pedapati,* 759 N.E.2d 1015, 1017 (Ill. App. Ct. 2001); 735 ILCS 5/13-212(a). Concisely stated, the statute of limitations accrues when a third-party plaintiff

becomes aware of "(1) the [injury] and (2) that it was wrongfully caused." *Brooks v. HSHS Medical Group, Inc.*, No. 3:18-CV-563, 2018 WL 5255241, at *4 (S.D. Ill. Oct. 22, 2018).

Here, the amended TPC supports a conceivable set of facts that could defeat a statute-of-limitations defense. While Dr. Sinha performed the medical procedures in March 2019, Dalpra and Page argue that they were unaware that some of Manier's injuries were wrongfully caused by Dr. Sinha until January 2022, when they received a report from a consulting physician describing that Dr. Sinha's actions fell below the standard of care. Even Dr. Sinha's deposition, which elicited testimony concerning Manier's medical care and treatment after the underlying semi-truck accident, did not occur until November 2021. Moreover, Manier's esophageal perforation was not diagnosed until January 7, 2021. Determining that any of these events—the diagnosis, the deposition, or the consulting physician's report—provided Dalpra and Page the requisite knowledge to start the statute-of-limitations clock, the TPC was timely filed under Section 5/13-212(a). Because the TPC supports factual scenarios that could defeat the statute-of-limitations defense, the questions of fact concerning timeliness should be resolved later, not on a motion to dismiss.

Lastly, addressing Mitas and Dr. Sinha's argument regarding equitable apportionment, the Court views this argument as underdeveloped. In their motion to dismiss, Mitas and Dr. Sinha passingly argue, in one sentence with reference to one Illinois appellate court case—*Mayhew Steel Products, Inc. v. Hirschfelder*, 501 N.E.2d 904 (Ill. App. Ct. 1986)—that the Contribution Act replaced the common-law equitable apportionment doctrine, and on that ground, the second cause of action should be dismissed. Notably, there is case law undermining this argument. *See Pederson v. West*, 562 N.E.2d 578 (Ill. App. Ct. 1990) (a case, decided four years after *Mayhew Steel*, evaluating an equitable apportionment

claim). Surely, the contribution and equitable apportionment claims overlap and likely the content of the claims are the same, but with the underdeveloped argument presented, the Court declines to dismiss the second cause of action at this time.

C<span style="font-variant:small-caps">ONCLUSION</span>

For these reasons, the Court **DENIES** the Motions to Dismiss (Docs. 180, 182) filed by Third-Party Defendants Southern Orthopedic Associates, L.L.C., Mitas, L.L.C. and Dr. Swastik Sinha.

**IT IS SO ORDERED.**

**DATED:  September 12, 2023**

_Nancy J. Rosenstengel_
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**